SLIP OPINION

Cite as 2014 Ark. App. 320

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-13

| | |
|---|---|
| JANNIE A. HYMES<br>APPELLANT | **Opinion Delivered** May 21, 2014 |
| V. | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G202747] |
| PINEWOOD HEALTH &<br>REHABILITATION and HARTFORD<br>UNDERWRITERS INSURANCE<br>COMPANY<br>APPELLEES | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Appellant Jannie Hymes worked as a nurse's aide for appellee Pinewood Health and Rehabilitation. It is undisputed that she fell on a wet floor at work on March 31, 2012, and the employer accepted and paid benefits related to a shoulder injury caused by the fall. At issue in this appeal is whether the Commission's decision denying benefits for a back injury arising out of the same incident is supported by substantial evidence. We affirm.

After her fall on March 31, 2012, forty-six-year-old Hymes was taken by ambulance to the emergency room. Records from the emergency room visit show that she was "uninjured below shoulder" and that x-rays of her cervical spine showed no acute abnormalities, but did show a loss of lordotic curvature, which may indicate muscle spasm.

Hymes saw Dr. Mark Malloy on April 2, 2012, and there is no mention of a back injury in the records from that visit. When Hymes saw Dr. Malloy again on April 9, 2012,

SLIP OPINION

she reported back pain for the first time. Under "History of Present Illness," the record from that visit states:

> Patient to be evaluated for low back pain. The location is primarily in the lower lumbar spine. This is an acute episode with no prior history of back pain. She states that the current episode of pain started 2 weeks ago. The event which precipitated this pain was a fall. She notes some pain relief with NSAIDs and narcotic pain medication.

Hymes then saw Dr. Dwayne Daniels, an orthopedist. He ordered an MRI of her cervical spine and left shoulder and performed a left-shoulder arthroscopy on July 25, 2012. Dr. Daniels's office notes of August 16, 2012, state that x-rays of her lumbar spine show some mild degenerative disk changes, particularly at L3-L4; the impression is "[d]egenerative disk disease possibly exacerbated by her fall back at work." When Hymes continued to complain of back pain, Dr. Daniels ordered an MRI of her lumbar spine. After the MRI on September 28, 2012, Dr. Daniels wrote:

> Hymes comes in after MRI of her lumbar spine and it does in fact show slight bulging disk with moderate rightsided foraminal stenosis and displacement of right L4 nerve root at L4–L5. She also has moderate bilateral foraminal stenosis with displacement of both L5 roots at L5-S1. I think she probably has sciatica. She has left sided positive straight leg raise sign. She points down the path of sciatic and peroneal nerves as areas that she has her pain. I think she would benefit from epidural steroid injection.

Hymes was the only witness to testify at the hearing before the administrative law judge (ALJ) on April 19, 2013. She testified regarding a September 2006 car wreck that included a back injury; after conservative treatment, she went back to work full duty in October 2006. She took time off work again in January 2007, following a work–related neck injury. Regarding her current back injury, she testified that she had three injections in her back; went back to work on September 20, 2012, on light or limited duty, which was still

her status at the time of the hearing; and was not scheduled for any additional treatment to her low back. Appellees introduced medical records for Hymes dating back to 2006.

In an opinion filed May 20, 2013, the ALJ denied Hymes's claim for benefits related to a back injury. The ALJ cited Hymes's "long history of degenerative joint disease that has progressively worsened" and a lack of "evidence of a specific injury or a causal connection between [Hymes's] degenerative condition and her work." The ALJ noted that Dr. Daniels's opinion was that the back injury was "possibly" caused by the fall—which is not sufficient to establish a compensable injury. In a 2-1 decision, the Commission affirmed and adopted the opinion of the ALJ. This appeal followed.

This court has set forth the well-established standard of review in workers' compensation cases as follows:

> On appellate review, we view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the action of the Commission. Our standard of review on appeal is whether the Commission's decision is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached. In cases where the Commission's denial of relief is based upon the claimant's failure to prove entitlement by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm the Commission's action if its opinion displays a substantial basis for the denial of relief.

*Hensley v. Cooper Tire & Rubber Co.*, 2011 Ark. App. 593, at 3–4 (citing *Ellison v. Therma Tru*, 71 Ark. App. 410, 417, 30 S.W.3d 769, 773 (2000)).

On appeal, Hymes argues that the Commission's decision denying benefits for a back injury was not supported by substantial evidence. Specifically, she contends that based on the MRIs from 2007 and 2012, as well as Dr. Malloy's statement that her fall precipitated her

pain, the medical evidence supports only one conclusion: that her fall at work caused her back problem. However, it is the claimant's burden to prove by a preponderance of the evidence that there is a causal relationship between the employment and the claimed injury. *Kelley v. Courtyard Marriott*, 2011 Ark. App. 715, at 6–7, 386 S.W.3d 677, 681. "Medical opinions addressing compensability . . . must be stated within a reasonable degree of medical certainty." Ark. Code Ann. § 11-9-102(16)(B) (Repl. 2012).

Here, Hymes relies on a statement in Dr. Malloy's notes to provide the necessary causal connection between her fall at work in March 2012 and the September 2012 MRI showing a right disc protrusion at L4-5 producing stenosis and displacement of the right L4 nerve, as well as well as hypertrophis changes at L5-S1 with a bulge producing stenosis and displacement of the L5 nerve root. This statement was not required to be accepted by the Commission, particularly where it appears to be a recitation of medical history given by Hymes herself. Hymes states in her brief that the respondents did not present any evidence that the fall was *not* the cause of her back problems; however, the burden of proving causation was Hymes's. While she testified that her back problems were caused by the fall, matters of credibility are exclusively within the Commission's domain, and the testimony of an interested party is always considered to be controverted. *Sally v. Serv. Master*, 2009 Ark. App. 209, at 4–5, 301 S.W.3d 7, 10.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Smith, Williams & Meeks L.L.P.*, by: *Gene Williams*, for appellees.